UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:26-mj-00174-1 |
| | ) | |
| KEEGAN LAGASSE, | ) | |
| Defendant. | ) | |

**MOTION FOR DETENTION**

The United States of America moves for the pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. Eligibility for Detention. This defendant is eligible for detention because the case involves a crime of violence. *See* 18 U.S.C. § 3142(f)(1)(A), *cf. United States v. Dai*, No. 3:23-CR-478 (BKS/TWD), 2023 WL 11016392, at *4 (N.D.N.Y. Dec. 19, 2023), aff'd, 99 F.4th 136 (2d Cir. 2024) ("[T]he Court finds that § 875(c) has among its elements the threatened use of physical force and concludes that § 875(c) is a 'crime of violence' under the Bail Reform Act."). This defendant is also eligible for detention because the case involves a serious risk of obstruction of justice or threats to witnesses. *See* 18 U.S.C. § 3142(f)(2)(B).

2. Reason For Detention. The Court should detain the defendant because there is no condition or combination of conditions of release that will reasonably assure the safety of any other person and the community and the defendant's continued appearance as required.

3. Rebuttable Presumption. The United States does not invoke any rebuttable presumption pursuant to § 3142(e).

4. Time For Detention Hearing. The United States requests the court conduct the detention hearing upon completion of the pretrial services report.

5. Statutory Considerations. Consideration of the factors in 18 U.S.C. § 3142(g) suggests the defendant should be detained pending further proceedings in this case to reasonably assure the safety of the community and the defendant's continued appearance at proceedings.

The offense involves a crime that constitutes a crime of violence, within the definition of 18 U.S.C. § 3156(a)(4), that was targeted at a public official, and the affidavit in support of the criminal complaint indicates the defendant has previously made such threats and included specific allegations about the use of explosives. *See* 18 U.S.C. § 3142(g)(1). While the currently available information suggests the defendant may not have had the immediate physical capabilities to fulfill all the threats, the repetitive nature of the threats and the necessary responses of law enforcement made the circumstances more serious. Further, the defendant posted a video of himself holding an apparent rifle on a social media platform weeks before posting an allegation that he was going to "shoot up" a local high school. Accordingly, the nature and circumstances of the offense charged support detention.

As described in the affidavit in support of the criminal complaint, the defendant appears to have self-identified in the most recent, and in a former, Presidential threat. The phone numbers reported in each of those threats were independently connected to the defendant by him providing the numbers to law enforcement as call-back numbers. Following the November 2025 Presidential threat, the defendant reportedly admitted to interviewing investigators that he contacted the FBI tip line and stated he hated and was going kill the President. In July 2026, he reportedly told the State Police dispatch that he had previously made threats about bombs and the President. The charged August 2026 Presidential threat included information reported to the FBI tip line that was consistent with the defendant's identifying information and previous conduct.

Accordingly, the weight of the evidence against the defendant supports detention. *See* 18 U.S.C. § 3142(g)(2).

The defendant's history and characteristics likewise support detention. *See* 18 U.S.C. § 3142(g)(3). Although the defendant appears to have long-term residence in the District of Vermont, he does not appear to have family ties and a known history of employment that would promote pro-social behaviors and stability. The available information about the defendant's criminal history, which appears to be limited by the operation of Vermont confidentiality laws pertaining to Family Division proceedings, suggests the defendant has a history of threatening conduct, substance use, and failure to abide by conditions of supervision. It also appears that the defendant was under some degree of state supervision during the offense conduct in this case.

The dangers posed to the community if the defendant were released by the Court include not only the risk of the defendant following through on his threats of violence and causing direct harm to individuals but also the drain of community resources necessitated by the defendant's threats and the fear and alarm suffered by the public in such instances. Because the defendant could make such threats even within the confines of his own home, conditions such as location monitoring and home confinement would not suffice to reasonably assure the safety of others and the community.

Dated at Burlington, in the District of Vermont, September 21, 2026.

Respectfully submitted,

s/Matthew J. Lasher
Matthew J. Lasher
Assistant U.S. Attorney
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725